UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CMC CONSTRUCTION SERVICES, INC., <br>     *Plaintiff*, <br><br>     *vs*. <br><br> DDR CORP. and DDR-SAU INDIANAPOLIS GLENLAKE, L.L.C., <br>     *Defendants.* <br> ─────────────────────────── <br> DDR CORP. and DDR-SAU INDIANAPOLIS GLENLAKE, L.L.C., <br>     *Third-Party Plaintiffs*, <br><br>     *vs*. <br><br> CONTROL BUILDING SERVICES, INC., CONTROL EQUITY GROUP, INC., EDWARD TUREN, and NEAL TUREN, <br>     *Third-Party Defendants*. | ) <br> ) <br> ) <br> )    1:13-cv-00987-JMS-DKL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **REMAND ORDER**

Third-Party Defendants Control Building Services, Inc. ("<u>CBS</u>"), Control Equity Group, Inc. ("<u>CEG</u>"), and Edward Turen (collectively, the "<u>Removing Defendants</u>") filed a Notice of Removal on June 19, 2013.[1] [Dkt. 1.] In the Notice, the Removing Defendants state that this Court has diversity jurisdiction under 28 U.S.C. § 1332, [*id.* at 2-4, ¶¶ 3-14], and original jurisdiction under 28 U.S.C. §§ 1334(b) and 1452(a) due to a pending, related Chapter 11 bankruptcy, [*id.* at 4-6, ¶¶ 15-21]. For the following reasons, the Court concludes that it must remand this action to state court.

---

[1] Third-Party Defendant Neal Turen has not yet entered an appearance, but the Removing Defendants state that he consents to the removal. [Dkt. 1 at 6, ¶ 26.]

The Seventh Circuit Court of Appeals has held that 28 U.S.C. § 1441(c) does not generally authorize removal by a third party. *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984); *see also State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000). When a party has no right to remove an action to federal court, the district court's judgment would be void, and the case must be remanded to state court. *Thomas*, 740 F.2d at 488; *State St. Bank*, 234 F.3d at 1274 (noting that where a third-party defendant improperly removed a case, the district court "should have remanded this case promptly"). Because the Court concludes that pursuant to the Seventh Circuit's pronouncement in *Thomas* it was improper for the Removing Defendants to remove this case to federal court, the Court **REMANDS** this action to Marion Superior Court pursuant to 28 U.S.C. § 1447(d).

The Court notes that the Removing Defendants state in their Notice of Removal that they "intend to file a motion to sever the Third-Party Complaint from the Original Complaint and, if granted, seek removal of only the Third-Party Complaint." [Dkt. 1 at 2, n.2.] Unless and until that occurs and the Third-Party Complaint is, in fact, severed, the Removing Defendants are still Third-Party Defendants who are not authorized to remove this matter under *Thomas*.

In the event that the Removing Defendants later seek to remove this case after severance of the claims against them, the Court notes that the Notice contains several jurisdictional deficiencies as well. The Removing Defendants' statement that "[u]pon information and belief, the sole member of DDR-SAU Indianapolis Westlake, L.L.C. [("DDR")] is a chain of L.L.C.'s, each of which is the sole member of the other, whose sole member is DDR Corp., an Ohio corporation[; u]pon information and belief, none of those L.L.C.'s has a member that is a citizen of Indiana, Delaware, or New Jersey for purposes of diversity jurisdiction," [*id.* at 2-3, ¶ 5], is problematic in several ways. First, jurisdictional allegations must be made on personal knowledge, not

on information and belief, to invoke the subject-matter jurisdiction of a federal court. *See America's Best Inns, Inc., v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship").  Second, while the Removing Defendants are correct that the citizenship of an LLC is the citizenship of its members, the Removing Defendants have not provided the requisite specificity regarding the LLC members' respective citizenships.  It is not enough to – as the Removing Defendants have done – state that the sole member of DDR is "a chain of L.L.C.'s, each of which is the sole member of the other, whose sole member is DDR Corp….."  [Dkt. 1 at 2, ¶ 5.]  Rather, the Removing Defendants must identify, by name, each such LLC in that "chain" and trace each one down to its lowest layer.  Finally, simply stating that "none of those L.L.C.'s has a member that is a citizen of Indiana, Delaware, or New Jersey for purposes of diversity jurisdiction," [*id.* at 3, ¶ 5], is also insufficient.  *See Peters v. Astrazeneca LP*, 224 Fed. Appx., 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

      The Court also notes that the Removing Defendants state in the Notice that Defendants Edward Turen and Neal Turen are "individual[s] residing [in] the state of New Jersey."  [*Id.* at 3, ¶¶ 8-9.]  But residency and citizenship are not the same, and it is the latter that matters for purposes of diversity.  *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  Additionally, the Removing Defendants state that the amount exceeds $75,000, but the amount in controversy must exceed "$75,000, *exclusive of interest and costs*."  28 U.S.C. § 1332 (emphasis added).  The Notice contains no such assertion.

Additionally, to the extent that the Removing Defendants seek to remove this action after severance of the claims against them, the Court notes that their argument that those claims are related to the pending Chapter 11 bankruptcy involving Oxford Building Services, Inc. ("Oxford") for purposes of 28 U.S.C. § 1334(b) is somewhat unclear.  From the information contained in the Notice, the Court cannot determine how Oxford's pending bankruptcy relates to the claims made in this case, nor how it could possibly confer federal question jurisdiction over this dispute.  The Removing Defendants are encouraged to provide more specific information regarding that relationship if they seek to remove the claims against them to this Court in the future.

Pursuant to *Thomas*, the Court **REMANDS** this action to Marion Superior Court under 28 U.S.C. § 1447(c).  The Court directs the Clerk to terminate all pending motions, vacate all pending deadlines, and close this case in CM/ECF.  Additionally, the Clerk shall mail a certified copy of this order of remand to the clerk of the Marion Superior Court pursuant to 28 U.S.C. § 1447(c).  Judgment will not issue because the Court has not adjudicated the merits of this action.

06/20/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**